CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

YAIR ROSALES GARCIA, on behalf of himself :     Case No. 16-CV-532
and others similarly situated, :
 :
 :
                  Plaintiff, :     **FLSA COLLECTIVE**
 :     **ACTION and RULE**
      -against- :     **23 CLASS ACTION**
 :     **COMPLAINT**
YSH GREEN CORP. d/b/a FRESH DAY, :
S&J TOMATO INC. d/b/a CAFÉ TOMATO, and :     **Jury Trial**
YOUNG H. YOO, :     **Demanded**
 :
 :
                  Defendants. :

-----------------------------------------------------------------------X

       Plaintiff, YAIR ROSALES GARCIA (hereinafter, "Plaintiff"), on behalf of

himself and other similarly situated employees, by and through his undersigned attorneys,

Cilenti & Cooper, PLLC, files this Complaint against defendants YSH GREEN CORP.

d/b/a FRESH DAY ("FRESH DAY"), S&J TOMATO INC. d/b/a CAFÉ TOMATO

("CAFÉ TOMATO") (collectively, the "Corporate Defendants"), and YOUNG H. YOO

(collectively referred to herein as the "Defendants") and states as follows:

### INTRODUCTION

       1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as

amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from the

Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2.       Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (a) unpaid overtime compensation, (b) unpaid "spread of hours" premium for each day he worked in excess of ten (10) hours, (c) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.       Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.       Plaintiff is a resident of Bronx County, New York.

6.       Defendant, FRESH DAY, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 38 West 48th Street, New York, New York 10036.

7.       Defendant, CAFÉ TOMATO, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 142 Fulton Street, New York, New York 10038.

8.      Defendant, YOUNG H. YOO, also owned and operated another restaurant establishment by the name of Café Toda, which was located at 180 Broadway, New York, New York 10038 ("Café Toda").

9.      Café Toda was incorporated under the name J&P Toda Corp., which is currently an inactive dissolved corporation.

10.     Upon information and belief, Café Toda has since closed.

11.     Defendant, YOUNG H. YOO, is the owner, shareholder, director, supervisor, managing agent, and proprietor of the Corporate Defendants, who actively participates in the day-to-day operations of each of the Corporate Defendants and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

12.     Defendant, YOUNG H. YOO, was also the owner, shareholder, director, supervisor, managing agent, and proprietor of Café Toda during the time that such establishment was in operation.

13.     Defendant, YOUNG H. YOO exercises control over the terms and conditions of his employees' employment, in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

14.     Defendant, YOUNG H. YOO, is present on the premises of the Corporate Defendants on a daily basis, and actively supervises the work of the employees, and

mandates that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by him.

15.     Upon information and belief, at all times relevant to the allegations in this Complaint, the Corporate Defendants were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

16.     Defendants continuously employed Plaintiff in New York County, New York to work as a non-exempt deli worker/sandwich maker for Defendants' delicatessens and restaurants from in or about 2008 until on or about August 18, 2014.

17.     The work performed by Plaintiff was directly essential to the businesses operated by Defendants.

18.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

19.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

20.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

21.     Defendants YOUNG H. YOO actively participates in the day-to-day operation of the Corporate Defendants. For instance, Mr. Yoo personally supervises and directs the work of the employees, instructs the employees how to perform their jobs, and corrects and/or reprimands the employees for any errors made.

22.     Defendant YOUNG H. YOO creates and approves all crucial business policies, including decisions concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, the manner and method by which the employees are to be paid, and whether the employees are entitled to a pay raise and, if so, the amount of the increase.

23.     In or about 2008, defendant YOUNG H. YOO hired Plaintiff to work as a non-exempt deli worker/sandwich maker at Defendants' delicatessen and restaurant known as Café Toda, located at 180 Broadway, New York, New York.

24.     Plaintiff worked for the Defendants in that capacity until approximately December 2010, at which time Plaintiff was transferred to work at Defendants' delicatessen and restaurant known as Café Tomato, located at 142 Fulton Street, New York, New York.

25.     Plaintiff worked for the Defendants in the capacity of deli worker/sandwich maker at Café Tomato from in or about January 2011 until in or about July 2013, at which time Plaintiff was transferred to work at Defendants' delicatessen and restaurant known as Fresh Day, located at 38 West 48th Street, New York, New York.

26.    Plaintiff worked for the Defendants in the capacity of deli worker/sandwich maker at Fresh Day from in or about August 2013 until his employment came to an end on or about August 18, 2014.

27.    During the course of Plaintiff's employment by Defendants, he worked over forty (40) hours per week.

28.    During the relevant six (6) year limitations period beginning in January 2010 and continuing through in or about December 2010, Plaintiff worked six (6) days per week, and his work schedule consisted of eleven (11) hours per day from 7:00 a.m. until 6:00 p.m.

29.    During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $8.60 per hour straight time for all hours worked, and worked sixty-six (66) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

30.    Beginning in January 2010 and continuing through the remainder of his employment on or about August 18, 2014, Plaintiff worked six (6) days per week, and his work schedule consisted of ten (10) hours per day from 6:00 a.m. until 4:00 p.m.

31.    Plaintiff would occasionally work in excess of ten (10) hours in a day during this period.

32.    During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $10 per hour straight time for all hours worked, and worked sixty (60) hours per week, and sometimes in excess thereof. Work

performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

33.     The Corporate Defendants are engaged in related activities performed by the Defendants for a common business purpose.

34.     The Corporate Defendants utilized Plaintiff and other similarly situated employees in a fungible and interchangeable manner as workers in the businesses operated by the Defendants.

35.     The Corporate Defendants each engage in related activities, namely, providing restaurant services to the general public for profit.

36.     The Corporate Defendants shared Plaintiff and other similarly situated employees, act in the interest of each other with respect to employees, pay their employees by the same method, share control over the employees, and are themselves under common control.

37.     The Corporate Defendants are controlled by the same owners, or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

38.     Plaintiff's job performance and responsibilities, as well as the responsibilities of other similarly situated employees, was controlled by one person or group of persons, corporations, or other organizational units acting together.

39.     An arrangement existed between the Corporate Defendants, whereby each entity agreed to share the services of Plaintiff and other similarly situated employees.

40.    Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

41.    Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

42.    At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time and pay records.

## COLLECTIVE ACTION ALLEGATIONS

43.    Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants since January 25, 2013 (the "Collective Action Period"), and who were compensated at rates less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

44.    The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action

8

Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

45.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

46.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

47.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

48.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.   Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

        a.     Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

        b.     Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

        c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

        d.     Whether the Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

        e.     Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

        f.     Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

49.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

50.     Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

51.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

52.     Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since January 25, 2010 (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid statutory overtime compensation and/or "spread of hours" premium in violation of the New York Labor Law (the "Class").

53.     The persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

54.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

55.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

56.     Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

57.     Plaintiff will fairly and adequately protect the interests of the NY Class members.  Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

58.     Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.  Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and he understands that he may be called upon to testify in depositions and at trial.

59.     Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

60.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

        a.  Whether the Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

b.  Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Class members;

c.  What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.  Whether the Defendants failed to pay the Plaintiff and the Class members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

e.  Whether the Defendants failed to pay Plaintiff and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.  Whether the Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

g.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

61.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "60" of this Complaint as if fully set forth herein.

62.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

63.     At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

64.     Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, each of the Corporate Defendants had gross revenues in excess of $500,000.

65.     Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

66.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

67.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

68.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action

Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

69.     As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

70.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

71.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

72.     Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

73.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**[Violation of the New York Labor Law]**

74.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "73" of this Complaint as if fully set forth herein.

75.     Defendants employed Plaintiff and the Class members within the meaning of New York Labor Law §§ 2 and 651.

76.     Defendants knowingly and willfully violated the rights of Plaintiff and the Class members by failing to pay Plaintiff and the Class members overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

77.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.  New York State Department of Labor Regulations § 146-1.6.

78.     Defendants knowingly and willfully violated the rights of Plaintiff and the Class members by failing to pay "spread of hours" premium to Plaintiff and the Class members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

79.     Defendants failed to properly disclose or apprise Plaintiff and the Class members of their rights under the New York Labor Law.

80.     Defendants failed to furnish Plaintiff and the Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

81.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

82.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

83.    At the time of their hiring, Defendants failed to notify Plaintiff and the Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

84.    Due to the Defendants' New York Labor Law violations, Plaintiff and the Class members are entitled to recover from Defendants their unpaid overtime compensation and unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

85.    Plaintiff and the Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, YAIR ROSALES GARCIA, on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

(c)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e)     An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(f)     An award of prejudgment and post-judgment interest;

(g)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(h)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated: New York, New York
        January 25, 2016

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
    Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Yair Rosales Garcia_, am an employee formerly employed by _YSH Green Corp_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
   _1-12_ , 201_6_

Sworn to before me this _12th_
day of _January_ 201_6_

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019