```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

YAIR ROSALES GARCIA, on behalf      :
of himself and others similarly
situated,                           :

                     Plaintiffs,   :   16 Civ. 532 (HBP)

  -against-                         :   OPINION AND
                                       ORDER OF DISMISSAL

YSH GREEN CORP., doing business     :
as "Fresh Day," S&J TOMATO INC.,
doing business as "Café Tomato"     :
and YOUNG H. YOO,
                   Defendants.   :

-----------------------------------X

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve the parties' settlement (Docket Item 26). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        This is an action brought by an individual who was formerly employed as a deli worker/sandwich maker in defendants' restaurants and seeks unpaid overtime premium pay and spread-of-hours pay. The action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law. Plaintiff also asserts claims for alleged violations of other provisions of the Labor Law. Although the action was commenced as a collective action with respect to the FLSA claim

and a putative class action with respect to the Labor Law claims and the parties stipulated to the matter proceeding as a collective action, the parties reached the proposed settlement prior to any notices being sent out and prior to any motion for class certification.  Thus, the only parties to the settlement are the named plaintiff and the named defendants.

Plaintiff alleges that he was employed as a deli worker/sandwich maker by defendants from 2008 through August 18, 2013.  Plaintiff claims that until December 2010 he worked six days per week from 7:00 a.m. until 6:00 p.m. and was paid a "straight time" wage of $8.60 per hour for all hours worked. Beginning in January 2011 through the end of his employment with defendants, plaintiff alleges that he worked six days per week from 6:00 a.m. until 4:00 p.m. and was paid a "straight time" wage of $10.00 per hour for all hours worked.  In addition to his claim for unpaid overtime premium pay, plaintiff seeks damages under the Labor Law for defendants' alleged failure to pay "spread-of-hours" pay and to provide plaintiff with a written notice of plaintiff's regular hourly rate, overtime rate and other related information.  Plaintiff claims his unpaid wages total approximately $11,800.00.  Plaintiff claims that if he is awarded this sum as unpaid wages, he is also entitled to $9,200.00 in liquidated damages and $5,000.00 for wage notice

violations. Thus, plaintiff's total claimed damages are $26,000.00, exclusive of attorney's fees and costs.

Defendants' principal dispute concerns plaintiff's claimed hourly rate. Defendants claim that plaintiff's regular hourly rate was actually less than what plaintiff claims and that if plaintiff's wages are calculated using the correct regular hourly rate, plaintiff actually did receive the appropriate overtime premium pay. Defendants further claim that plaintiff's damages calculation fail to account for meal breaks granted to plaintiff and fail to credit defendants for meals that were provided to plaintiff free of charge. Plaintiff disagrees with most aspects of defendants' contentions.

The parties have agreed to a total settlement of $32,000.00. The total settlement amount represents 123% of plaintiffs' unpaid wages, liquidated damages and statutory penalties. The parties also seek approval of an award of attorney's fees and out-of-pocket costs totaling 35% of the settlement figure, or $11,200.00. After deducting this sum for fees and costs, plaintiff will be left with $20,800.00 or 80% of his claimed unpaid wages, liquidated damages and statutory penalties.

Court approval of an FLSA settlement is appropriate
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376,

> at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (inner quotation marks and citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. Keybank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982). The presumption of fairness in this case is bolstered by the caliber of the parties' counsel. All parties are represented by counsel who are known to me to be extremely knowledgeable regarding wage and hour matters and who are well suited to assess the risks of litigation and the benefits of the proposed settlement.

In Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States

4

District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(Inner quotations and citations omitted). The settlement here satisfies these criteria.

The total damages sought by plaintiff, including liquidated damages, are $26,000.00. Thus, the settlement represents approximately 123% of the total amount sought by plaintiff.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation. Plaintiff's case rests entirely on plaintiff's oral testimony, and litigating the case would require the taking of several depositions. The settlement avoids the expense and burden of these depositions.

Third, the settlement will enable plaintiff to avoid the risk of litigation. Defendants claim that plaintiff signed payroll records on a weekly basis. Although plaintiff disputes ever signing the payroll ledger and contests the authenticity of

5

the signatures, plaintiff's counsel admits that disproving the veracity of the documents would be difficult. Defendants' records pose a significant litigation risk to plaintiff because if the jury found the records to be accurate, plaintiff's recovery could be either drastically reduced or eliminated entirely.

Finally, given the substantial size of the settlement in comparison to the amount claimed by plaintiff, I am confident that it is the product of arm's-length bargaining between experienced counsel and that no fraud or collusion affected the parties' negotiations.

As noted above, plaintiff and counsel have also agreed that plaintiff's counsel will receive 35% of the settlement proceeds as a fee. Counsel does not seek any additional fee for out-of-pocket costs; the 35% figure is inclusive of all fees and costs.

Contingency fees of one third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("courts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances"); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13-CV-3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys'

6

fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by the courts in this Circuit"); Febus v. Guardian First Funding Group, LLC, 870 F. Supp. 2d 337, 340-41 (S.D.N.Y. 2012) (Stein, D.J.) ("a fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP), 2012 WL 2384419 at *6 (S.D.N.Y. June 22, 2012) (Freeman, M.J.). Although the fee sought by counsel is slightly more than the traditional one-third sought in most FLSA cases, it includes counsel's out-of-pocket costs such as the $400 filing fee and the fee for serving the summons and complaint. When these expenses are considered, there is a de minimis difference between the 35% sought here and the one-third that has been routinely approved.[1] The fee award of

---

[1] Counsel correctly points out that, until recently, I did not interpret Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) to require judicial review of the fee arrangement between an FLSA plaintiff and his counsel. After additional consideration and consultation with my colleagues, I have concluded that such review is appropriate to ensure "that the interest of plaintiffs' counsel in counsel's own compensation will adversely affect the extent of the relief counsel will procure for the clients." Cisek v. Nat'l Surface Cleaning, Inc., 954 F. Supp. 110, 110-11 (S.D.N.Y. 1997) (Kaplan, D.J.). See generally Henslee v. Union Planters Nat. Bank & Trust Co., 335
(continued...)

7

35% of the settlement proceeds is, therefore, approved.

Accordingly, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk of the Court is requested to mark this matter closed.

Dated: New York, New York
November 14, 2016

SO ORDERED

*[signature]*

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

---

<sup>1</sup>(...continued)
U.S. 595, 600 (1949) (Frankfurter, J., dissenting) ("Wisdom too often never comes, and so one ought not to reject it merely because it comes late.").